UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CRAIG BURROUGHS, EDDIE MURDOCK, GARY
WALSH, JEROME KOWALSKI, KEITH ADDISON,
MICHAEL DOLLISON, RAMEL NELLUMS,
DANIEL MILLER, LEO DUCHNOWSKI, CRAIG
THURSTON, WILLIAM COWAN, KURTIS PHILLIP,
JAMES SUTHERLAND, JAMEL WILLIAMS, KEVIN
FARRELLY,

       Plaintiffs,

KENNETH GRAFTON,

       Consolidated Plaintiff,

BILAL HASSAN,

       Consolidated Plaintiff,

   -against-

COUNTY OF NASSAU and MICHAEL J. SPOSATO,
*Sheriff of Nassau County*,

       Defendants.
------------------------------------------------------------------------X
PAUL ANDERSON,

       Plaintiff,

   -against-

COUNTY OF NASSAU and MICHAEL SPOSATO,
*Sheriff of Nassau County*,

       Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**

13-CV-6784 (JMA) (SIL)

FILED
CLERK
03/06/2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

15-CV-5350 (JMA) (AYS)

**AZRACK, United States District Judge:**

  On June 9, 2016, defendants Nassau County and Michael Sposato ("defendants") in the

case Anderson v. County of Nassau, et al, 15-CV-5350, filed a motion to consolidate that action

with another case, Burroughs v. County of Nassau, et al, 13-CV-6784.  Both of these actions are brought by pro se plaintiffs, who are prisoners with disabilities, regarding their confinement and the conditions at the Medical Unit of the Nassau County Correctional Center (the "MU").  All plaintiffs assert claims under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and the Rehabilitation Act.  Plaintiffs allege that the MU's policies and facilities are discriminatorily different than those designated for non-disabled individuals at the Nassau County Correctional Center.  In each of the complaints, plaintiffs allege the same facts.

The Court notes that before defendants moved for consolidation in this action, Burroughs, 13-CV-6784, was consolidated with two other actions, Grafton v. County of Nassau, et al, 15-CV-4563, and Hassan v. County of Nassau, et al, 15-CV-4647.  (See Burroughs, 13-CV-6784, ECF No. 173.)  The plaintiffs in Grafton and Hassan are also pro se prisoners with disabilities.  Their complaints also raise claims regarding their confinement and the conditions at the MU.

**A. Consolidation with Burroughs v. County of Nassau**

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  A district court has "broad discretion to determine whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990).  Before consolidating cases, the court considers:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).

Both of these actions arise out of common operative facts. The allegations regarding the conditions of confinement in the MU are substantially the same in each of the complaints and are each alleged against the same two defendants. As such, the actions implicate the same witnesses, evidence, and parties. Furthermore, as discovery requests have not been propounded in either of these cases, there would be little risk of prejudice. Furthermore, consolidation would avoid the risk of inconsistent adjudications and would promote judicial economy.

For these reasons, the above captioned cases will be consolidated for all pretrial purposes. The actions will proceed henceforth under Docket Number 13-CV-6784 (the "Lead Case") and all papers filed in these actions will from now on bear only the Lead Case docket number. The Clerk of Court shall amend the caption of this consolidated action in accordance with this Order, and shall administratively close the action under Docket Number 15-CV-5350.

**B. Order to Show Cause Why 42 U.S.C. § 1983 Claims Should Not Be Dismissed**

It appears to the Court that plaintiff Paul Anderson's § 1983 claims are identical to those raised by the plaintiffs in Burroughs, 13-CV-6784. On November 14, 2016, this Court issued an Order dismissing the § 1983 claims brought by the Burroughs plaintiffs.

It appears to the Court that Anderson's § 1983 claims should be dismissed with prejudice for the same reasons stated in the Court's November 14 Order. Anderson is directed to show cause, in writing, why dismissal of his § 1983 claims with prejudice is inappropriate. Anderson has thirty (30) days from the date of this Order to file his written response with the Court. Failure to do so, will result in dismissal of his § 1983 claims with prejudice.

**C. Status Conference**

A status conference is hereby scheduled with Judge Azrack for April 20, 2017, at 5:00 PM in Courtroom 920 of the Long Island Courthouse located at 100 Federal Plaza, Central Islip, New York 11722. Defendants' counsel is to appear in person and must make arrangements with Anderson's correctional facility in advance to ensure that Anderson, who is incarcerated, is made available for the call.

Anderson is reminded that he is obligated to inform the Court if his address changes. Failure to do so may result in dismissal of his case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further warned that any other failure to prosecute his case may result in dismissal pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444−45 (1962). The Clerk of Court is directed to mail a copy of this Order and the Court's November 14, 2016 Order to Anderson.

**SO ORDERED.**

Dated: March 6, 2017
Central Islip, New York

                                                      /s/    JMA
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE